UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:
MARIA J. ALIPIO

Debtor

Chapter 7

Case No. 05-20868

---

ANDRE HAUGHTON and )
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., )
As Nominee for )
WACHOVIA MORTGAGE CORP. )
)
Movants )
)
v. )
)
MARIA J. ALIPIO, )
ANTHONY NOVAK, TRUSTEE, and )
AND FEDERAL NATIONAL )
MORTGAGE ASSOCIATION )
)
Respondents )
)

---

**APPEARANCES:**

Jeffrey A. McChristian, Esq.
DeManche McChristian LLC, 49 West Main Street, Avon, CT 06001
Counsel for Movants

Benjamin T. Staskiewicz, Esq.
Hunt Leibert Jacobson PC, 50 Weston Street, Hartford, CT 06120
Counsel for Respondent Federal National Mortgage Association

Thomas P. Lambert, Esq. and Joshua M. Auxier, Esq.
Halloran & Sage LLP, 315 Post Road West, Westport, CT 06457
Counsel for Interested Party Woodmere Place Association, Inc.

Neil E. Atlas, Esq.
Atlas & Houdin, 95 South Main Street, P.O. Box 270670, West Hartford, CT 06107
Counsel for Interested Parties Steven Turgeon and James Giulietti

## RULING DENYING MOTION TO ANNUL STAY

**KRECHEVSKY, U.S.B.J.**

### I.

Maria J. Alipio ("Alipio") filed a Chapter 7 case on March 23, 2005. The court granted Alipio a discharge and closed her case as a "no asset" case on July 12, 2005. The court, on May 9, 2006, reopened the case on the motion of Andre Haughton ("Haughton") and Mortgage Electronic Registration Systems, Inc., As Nominee for Wachovia Mortgage Corporation ("MERS/Wachovia") (together "the movants"). On April 17, 2006, the movants filed the instant motion to annul the automatic stay of the state-court foreclosure proceedings of the debtor's condominium unit. Thereafter, (1) Steven Turgeon and James Giulietti ("Turgeon and Giulietti"), (2) Woodmere Place Association, Inc. ("Woodmere"), and (3) Federal National Mortgage Association ("FNMA") appeared and filed responses to the motion.

The court, on August 3, 2007, after a pretrial conference with the appearing parties, entered an order setting dates for the filing of a stipulation of facts, and initial and reply memoranda of law. A "corrected" stipulation and the said memoranda have been timely filed, and argument heard on November 21, 2007.

### II.

### STIPULATION OF FACTS

The corrected stipulation of facts provides as follows:

1. In December of 2004, Woodmere Place Association, Inc. (hereinafter "Woodmere"), the condominium association for the complex in which Debtor Maria J. Alipio (hereinafter "Alipio") owned Unit 203, commenced a foreclosure action for non-payment of monthly condominium charges pursuant to Connecticut General Statutes §47-258(b).

2

2. Service of the foreclosure writ, summons and complaint was made upon the Defendant Mortgage Electronic Registration Systems, Inc. as Nominee for Irwin Mortgage Corporation[1] (the mortgage now seeking to be foreclosed) by certified mail (said mortgage will hereafter be referred to as the "MERS/Irwin Mortgage"). The return receipt for the certified mail was received by the marshal on December 27, 2004, and filed in court on January 3, 2005 (see Exhibit A attached hereto).

3. MERS/Irwin Mortgage does not dispute that its Agent received proper service of the writ, summons and complaint in said foreclosure action, nor does it dispute that it did not file an Appearance in the condominium's foreclosure action, or take any action to pay the delinquent condominium payments or otherwise protect its interest prior to Alipio filing bankruptcy (as set forth in Paragraph 4 hereinafter).

4. On March 23, 2005, Alipio, represented by Attorney Jason McCoy, filed a Chapter 7 Petition in Hartford Division, District of Connecticut, United States Bankruptcy Court. Woodmere was not listed as a creditor on Alipio's schedules, nor was the existence of the pending foreclosure disclosed in the Statement of Financial Affairs. As a result, neither Woodmere nor its counsel, Anderson and Barba, PC, were aware of the bankruptcy filing. MERS/Irwin was listed as a secured creditor in Alipio's Chapter 7 Bankruptcy petition and did receive notice of such bankruptcy filing on or about the date of its filing.

5. Five (5) days thereafter on March 28, 2005, Woodmere, presumably without any knowledge of the bankruptcy filing, went to State Court and obtained judgment of strict foreclosure. See copy of Judgment of Strict Foreclosure attached hereto as Exhibit B. Said Judgment was later corrected to properly show that the debt of Woodmere was entirely priority debt pursuant to Connecticut General Statutes §47-258(b) and was in first lien position. A copy of the Corrected Judgment is attached hereto as Exhibit E.

6. MERS/Irwin Mortgage did not appear in Alipio's Chapter 7 proceeding because Alipio had remained current on her mortgage obligations to MERS/Irwin through July 2005.

7. At the time Woodmere went to judgment on its foreclosure action, their counsel filed a Foreclosure Worksheet, Form JB-CV-77, which improperly indicated that there were encumbrances totaling $70,000 that were prior in right to Plaintiff's lien. See copy of Foreclosure Worksheet attached as Exhibit C. This error was corrected by a Corrected Judgment which identified the

---

[1] FNMA, as noted in the motion, is the successor to MERS/Irwin Mortgage.

      entire debt owed to Woodmere as being priority debt in first lien position, *See* Exhibit F.

8. The transcript of proceedings in front of Hon. Richard W. Dyer, Judge, on March 28, 2005 (attached hereto as Exhibit D) indicates that Attorney Barba sought a strict foreclosure on a priority debt of $1,374.36. Judge Dyer, based upon the finding of a total condominium debt in the amount of $2,055.74, ordered a strict foreclosure with the first law day commencing on May 16, 2005.

9. No party in the foreclosure matter took any action prior to the expiration of the applicable law days and title ostensibly vested absolutely in Woodmere on the expiration of law days on May 19, 2005. Still unaware of the bankruptcy filing, Woodmere conducted an auction of the foreclosed premises, which were sold in August, 2005 to the highest bidders, James Giulietti and Steven Turgeon for $55,000. See copy of Quitclaim Deed dated August 3, 2005, recorded August 4, 2005 at Volume 1753 Page 323 of the Land Records, attached hereto as Exhibit F. Messrs. Giulietti and Turgeon were represented in this transaction by Attorney Mary Rosetti of Manchester, Connecticut.

10. Alipio's Chapter 7 case terminated on July 12, 2005. Alipio was current on her Mortgage obligation to MERS/Irwin through the July 2005 Mortgage payment.

11. During the closing transaction between Woodmere and Giulietti and Turgeon it was discovered that Woodmere did not properly include the property description for the garage for Alipio's condominium unit and therefore the garage was not subject to Woodmere's foreclosure action and remained owned by Alipio throughout the duration of this matter.

12. On December 16, 2005, Messrs. Giulietti and Turgeon conveyed the unit to Haughton for $75,000, which purchase was financed by Mortgage Electronic Registrations Systems, Inc. As Nominee for Wachovia Mortgage Corporation (hereafter referred to as "MERS/Wachovia").

### III.

### ARGUMENTS OF THE PARTIES

The movants argue that the stipulated facts support the granting of the motion because MERS/Irwin Mortgage failed to take any action in the Woodmere foreclosure and Alipio failed to include Woodmere as a creditor in her bankruptcy petition, making them both the key reasons for the innocent violation of the stay. They acknowledge

4

that Woodmere will retain a substantial windfall if the stay is annulled. Turgeon and Giuletti, in general, support the movants' arguments.

Woodmere seeks to join the movants in obtaining the stay annulment and emphasizes the fault of Alipio in failing to schedule Woodmere as a creditor, the fault of MERS/Irwin Mortgage to take any action, and that FNMA has a remedy against MERS to recoup the loss of its mortgage. Woodmere makes no mention of the windfall it received and argues that: "Balancing the equities in the present case demonstrates that the stay should be annulled." (Woodmere Mem. at 6.)

FNMA objects to the motion asserting that, when MERS/Irwin received notice of Alipio's bankruptcy petition, Alipio was current on her mortgage obligations and MERS/Irwin Mortgage relied upon the automatic stay to stay the pending foreclosure action.

## IV.

### DISCUSSION

#### A.

The filing of a bankruptcy petition "operates as a stay, applicable to all entities, of – (1) the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor." 11 U.S.C. §362(a)(1). It is well-settled law in this Circuit that a postpetition state-court judgment entered against the debtor is void ab initio when entered in violation of §362(a). See, e.g In re 48th Street Steakhouse, Inc., 835 F.2d 427, 431 (2d Cir. 1987) ("actions taken in violation of the stay are void and without effect"), cert. denied, 485 U.S. 1035 (1988); FDIC v. Hirsch (In re Colonial Realty Co.), 980 F.2d 125, 137 (2d Cir. 1992) ("even if creditor had no

5

notice of stay, actions taken in violation of stay are generally void."). Thus, the state-court judgment, the subsequent "corrected" judgment, and transfer of title to Woodmere are void. The parties all agree, however, that, in appropriate circumstances, the bankruptcy court, in the exercise of its discretion, may annul the stay, thereby retroactively validating such actions. Eastern Refractories Co., Inc. v. Forty-Eight Insulations, Inc. 157 F.3d 169, 173 (2d Cir. 1998).

> Because the stay operates as a fundamental protection for all parties affected by the filing of a petition in bankruptcy, retroactive relief is an extraordinary measure and the circumstances that justify it are likely to be far and few between. Accordingly, it is the offending creditor's burden to demonstrate that its void actions should be validated after the fact. This best harmonizes with the nature of the automatic stay and the important purposes that it serves. Therefore, when a creditor seeks post facto annulment of the stay, it must show extreme circumstances, with facts both unusual and unusually compelling.

In re Bright, 338 B.R. 530, 535 (1st Cir.B.A.P. 2006) (citing In re Soares, 107 F.3d 969 (1st Cir. 1997); internal citations and quotation marks omitted).

### B.

Although the facts presented here are unusual, the equities involved are not "unusually compelling." To grant the motion would be to penalize MERS/Irwin for its reliance on the automatic stay to stay the foreclosure action. In addition, as originally worded, the judgment of strict foreclosure provided for Woodmere, in the absence of action by Alipio, to take title to the condominium unit subject to the MERS/Irwin mortgage. The parties at the argument advised the court that the "Corrected Judgment" was obtained on July 19, 2005 from the State Court Clerk's Office without a hearing or the apparent involvement of Judge Dyer. (See Exhibits B and E attached hereto.)

6

The court concludes that the parties seeking annulment of the stay have not met their burden of proof. Under the circumstances, the court concludes that the state-court judgment of strict foreclosure remains, therefore, void ab initio, and the parties involved may pursue whatever claims they may have against each other in state court.

V.

## CONCLUSION

In accordance with the foregoing discussion, the court concludes that the motion to annul the automatic stay be denied. It is

SO ORDERED.

Dated at Hartford, Connecticut this 29th day of November, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

DOCKET NUMBER #:
CV - 054001394 - S

WOODMERE PLACE ASSOCIATION INC

vs.

MARIA J ALIPIO ET AL

JUDICIAL DISTRICT
OF TOLLAND
AT ROCKVILLE

JUDGMENT DATE:
*March 28, 2005*

Property Address: 655 Tolcottville Road
#203 Woodmere Place
Condos Vernon CT
06066

## Judgment of Strict Foreclosure

*Judgment of Strict Foreclosure is hereby entered as follows:*

There is $70,000 debt which is the total amount of encumberances on the property prior to plaintiff's lien. All Defaults previously entered. The Court finds that Maria J Alipio is not in the military.

| | | | | |
|---|---|---|---|---|
| Debt: | $2,055.74 | as of: 03/28/05 | Appraiser: | $425.00 |
| Attorney Fees: | $1,500.00 | | Title Fee: | $150.00 |
| Total: | $3,555.74 | | Fair Market Value: | $74,000.00 |

LAW DAY SET FOR    *Monday, May 16, 2005*, for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

BY THE COURT  (DYER, J    )  3-28-05

Melissa Miller, Courtroom Clerk II

Copies to: Sent 3-30-05
Bender Anderson & Burba PC;

Exhibit "B"

JUL 20 '05 15:52 FR BENDER ANDERSON BARBA       TO 18264528038       P.02/02

DOCKET NUMBER #:
CV- 054001394 - S

WOODMERE PLACE ASSOCIATION INC

vs.

MARIA J ALIPIO ET AL

JUDICIAL DISTRICT
OF TOLLAND
AT ROCKVILLE
JUDGMENT DATE:
March 28, 2005

Property Address: 655 Talcottville Road
#205 Woodmere Place
Condos Vernon CT
Main

## Corrected Judgment of Strict Foreclosure

*Judgment of Strict Foreclosure is hereby entered as follows:*

All Defaults previously entered. The Court finds that Maria J Alipio is not in the military.

| | | |
|---|---|---|
| Debt: $2,055.74 as of: 03/23/05 | Appraiser: | $425.00 |
| Attorney Fees: $1,500.00 | Title Fee: | $150.00 |
| Total: $3,555.74 | Fair Market Value: | $74,000.00 |

LAW DAY SET FOR   Monday, May 16, 2005 , for the owner of the equity of redemption, and subsequent days for subsequent encumbrancers in the inverse order of their priorities.

BY THE COURT (DYER, J   )   3-28-05

*Melissa Miller*, Courtroom Clerk II

Copies to: sent 7/19/05
Bender Anderson & Barba PC

"E"

RECEIVED JUL 2 0 2005

** TOTAL PAGE.22 **